UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 4 2007
CLERK, U.S. DISTRICT COURT
By _____ Deputy

ACCESS NOW, INC., a not-for-profit
Florida corporation, et al.,

    Plaintiffs,

v.

CRESTWOOD HEALTHCARE, L.P.
et al.,

    Defendants.
_____/

CIVIL ACTION NO.: 3:01-CV-0869-L

**ORDER APPROVING THE PARTIES' STIPULATIONS FOR
SETTLEMENT**

Came on to be considered for approval Stipulations for Settlement (the "Settlements") as to Defendants ARMC, LP d/b/a Abilene Regional Medical Center, QHG of Jacksonville, Inc. d/b/a Jacksonville Medical Center, Brownwood Hospital, LP D/B/A Brownwood Regional Medical Center, Triad Denton Hospital, LP d/b/a Denton Community Hospital, San Angelo Hospital, LP d/b/a San Angelo Community Medical Center, Crestwood Healthcare, LP d/b/a Crestwood Medical Center, Victoria of Texas, LP d/b/a Detar Hospital North, QHG of Enterprise, Inc. d/b/a Medical Center Enterprise, Victoria of Texas, LP d/b/a Detar Hospital Navarro, Triad of Alabama, LLC d/b/a Flowers Hospital, QHG of Gadsden, Inc. d/b/a Gadsden Regional Medical Center. (the "Hospitals"), the Court having considered the Settlements, the arguments of counsel and the pleadings on file hereby **APPROVES** the Settlements. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

1.    This Order approving the Parties' Stipulations for Settlement as to Defendants ARMC, LP d/b/a Abilene Regional Medical Center, QHG of Jacksonville,

Inc. d/b/a Jacksonville Medical Center, Brownwood Hospital, LP D/B/A Brownwood Regional Medical Center, Triad Denton Hospital, LP d/b/a Denton Community Hospital, San Angelo Hospital, LP d/b/a San Angelo Community Medical Center, Crestwood Healthcare, LP d/b/a Crestwood Medical Center, Victoria of Texas, LP d/b/a Detar Hospital North, QHG of Enterprise, Inc. d/b/a Medical Center Enterprise, Victoria of Texas, LP d/b/a Detar Hospital Navarro, Triad of Alabama, LLC d/b/a Flowers Hospital, QHG of Gadsden, Inc. d/b/a Gadsden Regional Medical Center incorporates herein and makes a part hereof the Settlements.

2. The Plaintiffs were certified as a class of plaintiffs, which class consists of: All people in the United States with disabilities as that term has been defined by 42 U.S.C. § 12102(2), including those persons who have an impairment that substantially limits a major life function, including but not limited to mobility, hearing, and sight, who have been and who were, prior to the filing of the Class Action Complaint through the pendency of this action, entitled to the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the Defendants' Facilities, because of their respective disabilities (the "Class").

3. After reviewing the record, hearing the testimony of counsel and considering the six factors articulated by the Fifth Circuit, the Court finds that (a) the settlement has been entered into in good faith and resulted from extensive arm's length negotiations, and was concluded after counsel for the Class conducted broad discovery (including the physical inspection of the subject facilities by Class Counsel and experts in Americans with Disabilities compliance); and (b) the settlement evidenced by the Settlement Agreement is fair, adequate and reasonable and is not the product of collusion between the parties.

4. The Fifth Circuit articulates six factors to consider when determining the appropriateness of a proposed settlement: (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of Plaintiffs' prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. After reviewing the record, hearing the testimony of counsel and considering the six factors articulated by the Fifth Circuit, the Court hereby finds that the Settlement is fair, adequate and reasonable and is not the product of collusion between the parties.

5. The Court finds that the Class Notice and methodology implemented pursuant to this Court's Order Setting Fairness Hearing and Directing Notice by Publication, Setting Deadlines for Objections, Certifying Class Counsel, and Preliminarily Approving Partial Settlement as to Settling Defendants ARMC, LP d/b/a Abilene Regional Medical Center, QHG of Jacksonville, Inc. d/b/a Jacksonville Medical Center, Brownwood Hospital, LP D/B/A Brownwood Regional Medical Center, Triad Denton Hospital, LP d/b/a Denton Community Hospital, San Angelo Hospital, LP d/b/a San Angelo Community Medical Center, Crestwood Healthcare, LP d/b/a Crestwood Medical Center, Victoria of Texas, LP d/b/a Detar Hospital North, QHG of Enterprise, Inc. d/b/a Medical Center Enterprise, Victoria of Texas, LP d/b/a Detar Hospital Navarro, Triad of Alabama, LLC d/b/a Flowers Hospital, QHG of Gadsden, Inc. d/b/a Gadsden Regional Medical Center dated January 29, 2007 complied with Fed. R. Civ. P. 23(e)(B) in that it provided notice to all members of the Class through a reasonable method. The Court finds that the Class Notice and methodology fully complied with all applicable legal requirements, and the Due Process Clause of the Constitution of the United

States.

6. The Court finds that, although notice and an opportunity to object were provided, no objections to the Settlements were filed.

7. The Court finds that Class Counsel and the Class representatives adequately represented the Class for purposes of entering into and implementing the Settlement.

8. Counsel of record for the Class are hereby awarded attorneys' fees and reimbursement of disbursements and expenses which the Court acknowledges was paid to Class Counsel by the Hospital prior to the Fairness Hearing held on April 4, 2007. The Court further finds this was a reasonable attorneys' fee award given the work performed, the experience of counsel and the rates normally charged in this area for the kind of counsel provided.

9. The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order, this Court hereby retains jurisdiction as to all matters relating to interpretation of this Order, subject to the limitation set forth in Section V of the Settlement.

10. Neither this Order nor the Settlements, may be construed as, or may be used as an admission by the Defendants of the validity of any claim of actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement and any negotiations or proceedings relating to the settlement shall not in any event be construed as, or deemed to be evidence of, an admission or concession of the Defendants and shall not be offered or received into evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, other than as evidence of the Settlement

Agreement.

**IT IS SO ORDERED.**

DONE AND ORDERED in Chambers in Dallas, Texas, this 4th day of _April_, 2007.

_____
SAM A. LINDSAY
UNITED STATES DISTRICT JUDGE

cc:     All Parties of Record

DALDMS/605486.1