IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACCESS NOW, INC., a not-for-profit Florida corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:01-CV-0869-L |
| CRESTWOOD HEALTHCARE, L.P., et al., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion for Leave to File Fifth Amended Class Action Complaint, filed August 10, 2009. Defendants oppose the motion. While the time for Plaintiffs' reply has not yet run, the court determines that it need not wait for a reply before ruling on the motion. After carefully considering the motion, response, record, and applicable law, the court **denies** Plaintiffs' Motion for Leave to File Fifth Amended Class Action Complaint.

Plaintiffs filed their original Class Action Complaint on May 8, 2001, more than eight years ago. The case was administratively closed on August 30, 2001, upon the parties' representation that the case had settled. After the case was administratively closed, Plaintiffs amended their pleadings four more times. The court approved the parties' stipulations for settlement and held several fairness hearings, the last on October 12, 2007.

Nearly two years later, Plaintiffs seek leave to amend their complaint again. They seek to add nine additional Defendants to this case, which are entities that were acquired by Triad Hospitals, Inc. before it was acquired by Community Health Systems, Inc. on July 25, 2007. Plaintiffs contends that the parties have been engaged in settlement discussions throughout 2008 and 2009.

They also argue that amendment would not be futile and that the court has wide discretion in controlling its docket.

Defendants oppose the motion, contend that it is brought in bad faith, and argue that it would unduly prejudice the nine entities Plaintiffs seek to add as Defendants. They contend that Plaintiffs had represented to the court that the matter would be concluded after the last fairness hearing in 2007, that the nine entities have not consented to class certification, are not located in this judicial district, and are not part of the agreements already reached by the parties. They argue that Plaintiffs have not even alleged that these nine entities are in violation of the Americans with Disabilities Act.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, other than in circumstances that do not apply here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although this rule

> evinces a bias in favor of granting leave to amend, such leave is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

*Price v. Pinnacle Brands*, 138 F.3d 602, 608 (5th Cir. 1998).

This litigation has been pending for more than eight years; all litigation must come to an end. The court agrees with Defendants and determines that Plaintiffs' request for leave to amend should not be granted because of undue delay and prejudice. Plaintiffs admit that they knew of these entities more than two years ago, in July 2007, yet no motion was made to add them until now. Plaintiffs have not been diligent and do not explain the undue delay in seeking leave to amend, and the court will not permit another amendment given the history of this case and the number of

previous amendments allowed. If Plaintiffs are allowed to continue to amend their pleading, the resolution of this case will be further delayed and could be protracted indefinitely. Moreover, granting the motion will cause prejudice to the nine entities Plaintiffs seek to add as Defendants; denying the motion will not prejudice Plaintiffs because they can assert their claims in another civil action in the appropriate jurisdiction. For these reasons, the court determines that leave to amend should not be granted. Accordingly, the court **denies** Plaintiffs' Motion for Leave to File Fifth Amended Class Action Complaint.

      **It is so ordered** this 8th day of October, 2009.

      Sam A. Lindsay
      United States District Judge